[No. 1970.   July 30, 1917.]
MILLER v. ROSWELL GAS & ELECTRIC CO.

SYLABUS OF THE COURT.

1.   A water or electric light company, engaged in supplying water or light to residents of a municipality under a franchise from such municipality, cannot lawfully refuse to furnish such service to a consumer, because such consumer declines to pay for past-due service for some other and independent use, or at some other place of residence.

P. 596

2.   Such a company has the right to demand payment in advance, or a reasonable deposit to secure payment for the contemplated service.

P. 596

3.   A public service corporation cannot cut off a supply of water or electricity to enforce a payment of a disputed claim.

P. 597

Appeal from District Court, Chaves County; McClure, Judge.

Action by R. F. Miller against the Roswell Gas & Electric Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Hiram M. Dow, of Roswell, for appellant. O. O. Askren, of Roswell, for appellee.

## OPINION OF THE COURT.

ROBERTS, J.  Appellant, at and prior to the institution of this action in the court below, was a public service corporation, engaged in supplying electric current to the inhabitants of the city of Roswell, this state.  Appellee was the proprietor of a pool hall in such city, and on or prior to March 2, 1915, sent one of his employes, John L. Weaver, to the office of appellant to make a deposit and arrange to have the current supplied to said building.  The rules of the company required the applicant to sign a written contract.  Weaver, without disclosing that he was acting for appellee, signed the usual form contract for light at the pool hall.  The contract so signed contained the following provision:

"That all applications not made by property owners may be required to make a deposit. That the company may retain any deposit and apply the same upon bills or any indebtedness to the company."

Upon the signing of the contract the company began to supply electricity, and continued so to do for a month or so. Later, it demanded an additional deposit of $5, which was made. Thereafter it demanded of Weaver payment of a bill theretofore contracted by him for wiring a house, having no connection whatever with the pool hall. At the time the demand was made Weaver told the agent of appellant that he had no connection with the pool hall further than being an employe of Miller, the appellant, that Miller was the proprietor, and that he (Weaver) had made the contract, signed the application, and made the deposit for

Miller. Later Miller likewise so informed appellant. Appellant appropriated the $10.00 so deposited for the indebtedness owing it by Weaver, and cut off the current from appellee's place of business. This action was instituted by appellee to compel appellant to furnish current for said pool room and for damages.

[1, 2] Appellant defended upon the ground: First, that Miller was not the proprietor of said pool hall; second, that Miller was an undisclosed principal, and that Weaver, who signed the contract, was indebted to it in the amount of $15.00 for wiring done, and that it appropriated the deposit in part payment of such past-due indebtedness; and, third, that Miller was theretofore indebted to it for current furnished prior to the signing of the application, and that it had appropriated the deposit for such past-due indebtedness.

As to the first defense, there is no question made here as to the sufficiency of the evidence to show that Miller was the proprietor of the pool hall, or that he in fact furnished the money and that the contract was made for his benefit. Weaver having failed to disclose that he was acting for Miller when he signed the contract, of course the company had the right, as against Miller, to every defense arising under the terms of the contract which existed in its favor against the agent at the time Miller interposed and demanded performance to himself. Mechem on Agency (2d. Ed.) § 2074. If Weaver owed to it a past-due debt, which it lawfully had the right to deduct from the deposit made, or to apply the deposit toward paying, then appellee would be bound to submit to such deduction, because of the non-disclosure of the agency. The question to be decided, then, is whether the appellant had the right, as against Weaver, to deduct the wiring bill from the deposit made to secure current for the pool hall. The authorities are uniform to the effect that a refusal to furnish water or light cannot be sustained merely because the consumer declines and refuses to pay for past due service for some other and independent use, or at some other place or residence. See the case of Hatch v. Consumers' Co., 17 Idaho, 204, 104 Pac. 670, 40 L. R. A. (N. S.) 263, and note. That

it has the right to demand payment in advance, or a reasonable deposit to secure payment for the contemplated service, is undisputed, but it cannot refuse to furnish service to a building or residence because the proposed consumer owes it a past-due obligation for service at some other and distinct place, or for some other service. For the collection of such accounts the law affords public service companies the same remedies enjoyed by others. Water and light are indispensable, and companies engaged in supplying such commodities undertake to do so to all applying with reasonable rules and regulations. Such companies have no right to withhold such service for the purpose of enforcing the payment of past-due indebtedness, unless such indebtedness is incurred for the current use of the same upon the premises supplied. In this case appellant had no right to deduct the wiring bill owing by Weaver from the deposit made by him, so the fact that he did not disclose his principal loses its importance.

It is argued, however, that the contract which the company required him to sign gave it unqualified right to deduct any past-due indebtedness owing by the applicant to the company. We have quoted the provisions of the contract under which the right is claimed. If the contract be given the construction, in this regard, demanded by appellant, the result would be that it was exacting from its consumers something to which it was not entitled under the law. We do not so construe it. The provision that the company might retain any deposit and apply it upon bills or indebtedness to the company simply meant that it might retain and apply the deposit upon any indebtedness accruing under the contract. This was the extent of its legal right, and presumably it intended to exact nothing more.

[3] Nor was the appellant entitled to deduct the prior bill against appellee from this deposit. This claim was disputed and the law is well settled that a public service corporation cannot cut off a supply of water or electricity to enforce payment of a disputed claim. See the cases cited in note to the case of Hatch v. Consumers' Co., 40 L. R. A. (N. S.) 263.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.