672 P.2d 652

**STATE of New Mexico, Petitioner,**

v.

**James M. TRAMMEL, Respondent.**

**No. 15081.**

Supreme Court of New Mexico.

Nov. 23, 1983.

Paul Bardacke, Atty. Gen., Heidi Topp Brooks, Asst. Atty. Gen., Santa Fe, for petitioner.

Richard S. Lees, Santa Fe, for respondent.

Hinkle, Cox, Eaton, Coffield & Hensley, Thomas M. Hnasko, Santa Fe, for amicus curiae Southwestern Public Service Co.

Keleher & McLeod, Robert H. Clark, Albuquerque, for amicus curiae Public Service Company of New Mexico.

## OPINION

RIORDAN, Justice.

Defendant James M. Trammel (Trammel) was convicted of aggravated assault with a firearm contrary to NMSA 1978, Section 30–3–2 and NMSA 1978, Section 31–18–16 (Repl.Pamp.1981). At trial, Trammel requested a jury instruction on defense of property based on NMSA 1978, UJI Crim. 41.50 (Repl.Pamp.1982). The trial court denied Trammel's request. On appeal, the Court of Appeals reversed, holding that Trammel's requested instruction should have been given. We granted certiorari and reverse the Court of Appeals.

The issue addressed is whether a person who uses force to resist the lawful termination of electric service is entitled to an instruction on defense of property.

The facts are adequately presented in the Court of Appeals' opinion. The Court of Appeals determined that the trial court's reasoning in denying the requested instruction was that the only evidence of property involved was electricity and that such property did not belong to Trammel. The Court of Appeals determined that the electricity was, for purposes of the instruction, Trammel's. They held that John Raymond Johnson (Johnson), the New Mexico Electric Service Company (Electric Company) employee who was assaulted by Trammel, invaded Trammel's property. In reversing Trammel's conviction, the Court of Appeals concluded that there was sufficient evidence for submission of the instruction. We disagree.

The record shows that a "Connect Order" was issued to the Trammel residence. The "Connect Order" is an agreement contract between the customer and the Electric Company in which the Electric Company agrees to serve the customer and the customer agrees to give the Electric Company access to the customer's property in order to install, service, read, or *remove* equipment. Since Johnson had gone to the Trammel residence to disconnect service, his presence on Trammel's property was lawful.

 This Court has recognized that "[a] man may use force to defend his real or personal property in his actual possession against one who endeavors to disposses him *without right . . .*". *State v. McCracken,* 22 N.M. 588, 593, 166 P. 1174, 1176 (1917) (emphasis added) (quoting *Carpenter v. State,* 62 Ark. 286, 310, 36 S.W. 900, 907 (1896)). From *McCracken,* we derive the principle that an individual may *not* use force to defend real or personal property where the attempt to dispossess is *lawful. See also* Model Penal Code § 3.06, 10 U.L.A. 481 (1974); W. La Fave & A. Scott, Handbook on Criminal Law § 55, at 399 (1972). Since we have determined that Johnson was lawfully on the property, we also determine that Trammel was not justified in using force (pointing a gun)[1] to remove Johnson from Trammel's property. Therefore, Trammel was not entitled to a defense of property instruction.

Furthermore, we have determined that when there is evidence to support a finding of every element of a defense, an instruction on that defense is required. *Poore v. State,* 94 N.M. 172, 608 P.2d 148 (1980). When evidence at trial supports the giving of an instruction on a defendant's theory of the case, failure to so instruct is reversible error. *Id.; State v. Benavidez,* 94 N.M. 706, 616 P.2d 419 (1980). UJI Crim. 41.50 sets forth the elements necessary for finding that a defendant acted in defense of property in non-homicidal cases, such as the present case. The first element of UJI Crim. 41.50 is that the property involved must be the defendant's. The Court of Appeals' reversal was predicated upon the assumption that the electricity that Trammel was receiving belonged to him. However, the "Connect Order" states that if the customer fails to make payment, the customer will not be entitled to electric service. The record shows that past-due notices and a disconnect notice were sent to Trammel's address and that the Electric Company received no response. Consequently, the Electric Company had the right to disconnect Trammel's electric service for non-payment. *See Miller v. Roswell Gas & Electric Co.,* 22 N.M. 594, 166 P. 1177 (1917). Since the electric service to Trammel's residence had not been paid for, and since the Electric Company had the right to disconnect the service, the electricity was no longer Trammel's property nor in his lawful possession. The first element of UJI Crim. 41.50 was therefore not present.

The decision of the Court of Appeals is reversed. The judgment of the trial court is reinstated.

IT IS SO ORDERED.

PAYNE, C.J., DAN SOSA, Jr., Senior Justice, and FEDERICI and STOWERS, JJ., concur.

[black box]

---

1. We do not discuss the question of whether the amount of force used was reasonable since it was not raised in the Court of Appeals.