2001-NMSC-036

36 P.3d 438

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Demond GAINES, Defendant–Appellant.**

**No. 26,189.**

Supreme Court of New Mexico.

Nov. 28, 2001.

Phyllis H. Subin, Chief Public Defender, Will O'Connell, Assistant Appellate Defender, Santa Fe, for Appellant.

Patricia A. Madrid, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, for Appellee.

**OPINION**

MAES, Justice.

{1} Defendant was charged and convicted of the first degree murder of Ray Campbell. He was sentenced to life imprisonment, and we therefore have jurisdiction over his appeal under Article VI, Section 2 of the New Mexico Constitution. On appeal Defendant contends the trial court erred in rejecting his instruction on self-defense. We hold that

insufficient evidence was presented at trial to warrant the giving of a jury instruction on self-defense, and therefore we affirm.

## FACTS AND ISSUES

{2} October 14, 1997, Campbell was stabbed and killed outside the Arbor Apartments in Albuquerque. He had just been arguing with his sometime friend, Defendant. The encounter was witnessed in part by several people, and there is no discrepancy in their testimony that Defendant was the apparent aggressor throughout. The testimony of Cora Wyatt, however, was that she saw the victim "[try] to give another man [Defendant] something in his hand and he kicked it away," or that she saw the victim drop something. This happened at a time and place prior to, and other than, where the actual death occurred. Marvin Barnes, criminalistics detective with the Albuquerque crime scene unit, testified that an object, identified as a small knife, was found in a grassy area just north of the apartment office building and around the corner of the building from where the body was found. The knife appeared to have had blood on it. Other witnesses included Lindsey and Amy Brown, two sisters who lived in Phoenix where Defendant went after the killing. Lindsey, Defendant's ex-girlfriend, testified that Defendant told her he had killed a man in self-defense. He told Amy basically the same thing. Defendant tendered a self-defense jury instruction based on UJI 14–5171 NMRA 2001. The court refused to give an instruction on self-defense.

## STANDARD OF REVIEW

{3} On appeal Defendant contends that he was entitled to an instruction on self-defense, because he had told the Brown sisters he acted in self-defense and because there was evidence of a dropped object, based on Wyatt's testimony, and of a small knife found near the crime scene. We address this evidence in two sections, because none of the evidence provides a basis for a self-defense instruction, but for different reasons.

{4} There are two different standards which must be articulated and then used to analyze the issues in this case. First is the standard of appellate review. The propriety of denying a jury instruction is a mixed question of law and fact that we review de novo. *See State v. Salazar,* 1997 NMSC 044, ¶ 49, 123 N.M. 778, 945 P.2d 996. We do not weigh the evidence but rather determine whether there is sufficient evidence to raise a reasonable doubt about self-defense. *See State v. Ungarten,* 115 N.M. 607, 611, 856 P.2d 569, 573 (Ct.App.1993). Failure to instruct on self-defense when there is a sufficient quantum of proof to warrant it is reversible error. *See State v. Trammel,* 100 N.M. 479, 481, 672 P.2d 652, 654 (1983). *See generally State v. Cooper,* 1999 NMCA 159, ¶ 7, 128 N.M. 428, 993 P.2d 745.

{5} The second standard that applies is the substantive standard: what is the quality and quantity of evidence that Defendant must show existed at trial in order to demonstrate to this Court that the instruction on self-defense should have been given? It has been said that "even where there is only slight evidence to establish self-defense, the trial court must give such an instruction." *State v. Lara,* 110 N.M. 507, 515, 797 P.2d 296, 304 (Ct.App.1990). "In New Mexico, an instruction on self-defense is warranted if there is any evidence, even slight evidence, supporting the claim." *Cooper,* 1999–NMCA–159, ¶ 7, 128 N.M. 428, 993 P.2d 745, (citing *State v. Duarte,* 1996–NMCA–038, ¶ 3, 121 N.M. 553, 915 P.2d 309). Importantly, for purposes of this case, it has also been held that "[w]hile an accused is entitled to instruction on his *theory of the case* if evidence exists to support it, the court need not instruct if there is absence of such evidence." *State v. Gardner,* 85 N.M. 104, 107, 509 P.2d 871, 874 (1973) (citing *State v. Ortega,* 77 N.M. 7, 20, 419 P.2d 219, 229 (1966)) (emphasis added). This is important because not only is the evidence in support of Defendant's claims extremely weak, Defendant also never developed any theory of the case until his appeal in this Court.

{6} The United States Supreme Court has said that generally, a criminal defendant is entitled to an instruction as to any defense, provided the instruction has an evidentiary foundation and accurately states the law. *Mathews v. United States,* 485 U.S.

58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). "As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor. *Stevenson v. United States*, 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980 (1896)." *Id.*

## STATEMENTS TO THE BROWN SISTERS

■ {7} With respect to the statements he made to the Brown sisters, Defendant argues they constitute sufficient evidence to have warranted an instruction on self-defense. We are to look at the evidence from Defendant's point of view:

> The significance of the difference in viewing circumstances from the standpoint of the "defendant alone" rather than from the standpoint of a "reasonably cautious person" is that the jury's consideration of the unique physical and psychological characteristics of an accused allows the jury to judge the reasonableness of the accused's actions against the accused's subjective impressions of the need to use force rather than against those impressions which a jury determines that a hypothetical reasonably cautious person would have under similar circumstances.

*State v. Leidholm*, 334 N.W.2d 811, 818 (N.D. 1983). This indicates that the inquiry should focus on the time of the incident and what a defendant's thoughts might have been at that time ("under similar circumstances"), not several days later, which is when the statements to the Browns were made.

{8} In this analysis of whether the statements to the Browns were slight but adequately substantial evidence, we find useful an analogy to Rule 11–801(D)(1)(b) NMRA 2001 on prior consistent statements in order to assess the probative value of the statements in issue. An excellent discussion of that rule was provided in *State v. Casaus*, 121 N.M. 481, 486–87, 913 P.2d 669, 674–75 (Ct.App.1996):

> The drafters [of Rule 801(D)(1)(b)], by permitting prior consistent statements to be used to rebut a charge of recent fabrication or improper influence or motive as nonhearsay, do so under the premise that

these statements, if made before the improper influence or motive is alleged to have originated, are inherently reliable. 4 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 406, at 188 (2d ed.1994) (an impeaching effort that suggests fabrication, influence, or motive makes prior consistent statements relevant only if they were uttered before such corrupting forces came into play); 4 Jack B. Weinstein et al., *Weinstein's Evidence* ¶ 801(d)(1)(b)[01], at 188–89 (1995) ("Evidence that merely shows that the witness said the same thing on other occasions when his motive was the same does not have much probative force, 'for the simple reason that mere repetition does not imply veracity.' ") (quoting *United States v. McPartlin*, 595 F.2d 1321, 1351 (7th Cir. ... 1979)) ... Thus, if a prior consistent statement is to be classified as nonhearsay as a result of its reliability, it must be made before the alleged motive to fabricate arises to be admissible under the rule. Michael H. Graham, *Handbook of Federal Evidence* § 801.12, at 752–58 (3d ed.1991).

Defendant's point of view becomes less probative with the passage of time, but here not much time had elapsed. Nonetheless, Defendant had a strong motivation to lie to the Brown sisters, and his conclusory statement that he acted in self-defense would not in any event be sufficient to warrant an instruction. *See State v. Lopez*, 2000–NMSC–003, ¶ 23, 128 N.M. 410, 993 P.2d 727 (describing the state of facts on which a defendant must submit evidence). We conclude their testimony was not an adequate showing to require the giving of an instruction on self-defense.

## THE DROPPED OBJECT AND THE SMALL KNIFE

■ {9} There are two other facts which bear on the possibility that Defendant acted in self-defense when he stabbed the victim. The first is the testimony of Cora Wyatt that while the two men were arguing she saw the victim drop an object that Defendant kicked away. This took place, however, before and at a place other than where the ultimate altercation occurred. It did not happen with-

in the area demarked by detectives as the crime scene. No argument that the object was a weapon which prompted Defendant to attack was made by defense counsel. The second fact is the discovery of a key chain with a small knife on it found in the grassy area north of where the victim finally collapsed. The knife was said to have had blood on it, but apparently no tests were ever run to see whose blood it might have been. Defendant argues for the first time on appeal that the jury may have inferred that this knife may have been used to kill the victim or that the victim may have employed it against Defendant. Except for one brief reference to the item by Detective Barnes, it was never referred to during trial again. We think the failure of defendant to take up either of these two facts—the dropped object or the small knife—indicates that he did not believe them to be, or lead to, even slight evidence of self-defense. Defendant's "obligation is to introduce evidence that [would] raise in the minds of the jurors a reasonable doubt about the matter." *State v. Parish*, 118 N.M. 39, 44, 878 P.2d 988, 993 (1994). Defendant is attempting to raise a reasonable doubt in the mind of this Court, having failed, or even failed to try, to do so below. Furthermore, there is no dispute on the point that the dropping of the object took place well before Defendant might have been under attack such that he was responding to the attack when the stabbed he victim. Also, the victim did not collapse at the place of the altercation, and the knife was found away from and beyond the point where the victim did collapse. There is no testimony or other evidence linking the dropped object with the found knife, and the facts are not amenable to any possible reconstruction of events which could lead to the conclusion that the victim used a knife to initially attack Defendant. Considering the general failure on the part of Defendant to get the issue before the jury or to inject the suggestion that the facts indicated he acted in self-defense, we have no difficulty concluding there was effectively no evidence of self-defense as to the matters of the dropped object and the knife, *see Cooper*, 128 N.M. 428, 993 P.2d 745, 1999–NMCA–159, ¶ 7, and that there was no evidentiary foundation at trial for the presentation of the issue to the jury.

## CONCLUSION

{10} Defendant has argued that the self-serving, thoroughly non-probative oral statements to the Brown sisters, made long after the killing, must be the basis for giving an instruction on self-defense. We reject the argument. We also reject Defendant's argument regarding an object that one witness says was dropped by the victim well before the altercation, and the unrelated discovery of a small knife a good distance away from the victim's body. We hold these could not be the basis for an instruction on self-defense. The judgment of the district court is affirmed.

{11} **IT IS SO ORDERED.**

PATRICIO M. SERNA, Chief Justice, JOSEPH F. BACA, GENE E. FRANCHINI, and PAMELA B. MINZNER, JJ., concur.