**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Opinion Number: 2021-NMSC-025**

**Filing Date: June 30, 2021**

**No. S-1-SC-38093**

**STATE OF NEW MEXICO,**

      Plaintiff-Petitioner,

v.

**CHARLES SMITH,**

      Defendant-Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Jacqueline D. Flores, District Judge**

Released for Publication August 3, 2021.

Hector H. Balderas, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Petitioner

Bennett J. Baur, Chief Public Defender
Kimberly M. Chavez Cook, Appellate Defender
Santa Fe, NM

for Respondent

**OPINION**

**THOMSON, Justice**

**{1}** Defendant Charles Smith was convicted in the Bernalillo County Metropolitan Court of battery against a household member. He appealed his conviction first to the Second Judicial District Court, which affirmed his conviction, and then to the Court of Appeals. Defendant argued in both appeals that, based on the evidence presented at trial, the metropolitan court erred by refusing to instruct the jury that the State must prove that his conduct was unlawful. The Court of Appeals reversed the district court and concluded "that the court's refusal to instruct on the essential element of

unlawfulness was reversible error." *State v. Smith*, A-1-CA-34765, mem. op. ¶ 15 (Dec. 16, 2019) (nonprecedential).

**{2}** The State petitioned this Court for a writ of certiorari and argued that an instruction on the statutory element of unlawfulness was not required because Defendant did not establish all the elements of a specific, recognized, legal defense. However, the State's argument is contrary to *State v. Osborne*, which held that a defendant is not required to establish all the elements of "an exception or defense" when the term *unlawful* is used in a criminal statute. *See* 1991-NMSC-032, ¶¶ 16, 27-30, 111 N.M. 654, 808 P.2d 624. Instead, when there is evidence that supports a defendant's theory that the conduct is justifiable or excusable, a trial court has a duty to instruct the jury that the state must prove a defendant's conduct was *unlawful* beyond a reasonable doubt. *See id.* ¶¶ 30-32, 40. Although our reasoning differs from the Court of Appeals, we affirm.

## I. BACKGROUND

**{3}** At trial in the metropolitan court, the testimony of Defendant's girlfriend Franchessca Sandoval supported both the allegations against Defendant and Defendant's own theory of the case, which Defendant argued entitled him to an unlawfulness instruction. Sandoval testified that she and Defendant were drinking and playing pool in downtown Albuquerque when they started to argue. Sandoval did not want to cause a scene because of the number of police in the area, so she took Defendant's car (without telling him that she was doing so) and went back to their shared apartment, leaving him downtown. Left without a car, Defendant took a cab home.

**{4}** Sandoval testified that when Defendant arrived home she wanted to continue the argument that began at the bar. Because their two children were asleep inside, she wanted the argument to continue outside of the apartment, and so she blocked the doorway to prevent Defendant from entering. She pushed him away from the door and refused to go inside. Defendant did not want to argue or talk to Sandoval; he wanted to leave. But Sandoval wanted to continue the argument. Defendant's theory was that she held onto his keys to prevent him from going inside the apartment or leaving.

**{5}** Defendant eventually grabbed his keys out of Sandoval's hand and pushed her. She fell to the ground, and he entered the apartment. Sandoval got up and called emergency services. A few minutes later, Defendant came back outside and went to his car. Because emergency services asked for the number on the license plate of Defendant's car, Sandoval followed and stepped behind his vehicle to get a better look at the license plate. She did not move out of the way when Defendant started to reverse out of the parking space, and the car made contact with her arm. He drove away. Based on this evidence, the jury was instructed that it could convict Defendant if it determined he "intentionally touched or applied force to [Sandoval] by pushing her down to the ground and/or backing his car into her."

**{6}**     At the close of the State's case, Defendant moved for a directed verdict and argued that the State failed to prove that his use of force was unlawful because Sandoval was using force to keep him out of their apartment and was preventing him from leaving. The metropolitan court denied the motion for a directed verdict, but asked the parties if they were going to include "an unlawfulness jury instruction."

**{7}**     The State responded that an unlawfulness instruction was not required because Defendant did not establish a recognized defense to the alleged crime. The metropolitan court agreed with the State but nonetheless allowed defense counsel to argue the lawfulness of Defendant's act in closing argument to the jury. The court then permitted the State to respond by arguing to the jury that under the instructions given to the jury *unlawfulness* was not an element the State was required to prove. The court would not allow Defendant to mention to the jury that unlawfulness was an essential element of the crime and declined to include a jury instruction on this element. The jury convicted Defendant without making the factual finding that the "touch[ing]" or "force" was unlawful beyond a reasonable doubt.

**{8}**     The Court of Appeals held that an instruction "on the essential element of unlawfulness" was required because there was "'*some* evidence'" that justified or excused Defendant's conduct. *Smith*, A-1-CA-34765, mem. op. ¶ 6 (quoting *State v. Peterson*, 1998-NMCA-049, ¶¶ 10-11, 125 N.M. 55, 956 P.2d 854). The State petitioned this Court for a writ of certiorari pursuant to Rule 12-502 NMRA, which we granted.

## II.     ANALYSIS

**{9}**     Generally, a trial court is required to instruct a jury on all the essential elements of a crime on which the jury must pass judgment. *See State v. Sena*, 2020-NMSC-011, ¶ 34, 470 P.3d 227 ("[F]undamental error occurs when jury instructions fail to inform the jurors that the State has the burden of proving an essential element of a crime." (internal quotation marks and citation omitted)); *accord State v. Henley*, 2010-NMSC-039, ¶ 25, 148 N.M. 359, 237 P.3d 103 ("When evidence at trial supports the giving of an instruction on a defendant's theory of the case, failure to so instruct is reversible error." (internal quotation marks and citation omitted)). Counter to that general statement of law however, New Mexico law has recognized "[t]wo exceptions . . . to the rule requiring the trial court to instruct the jury on the essential element of unlawfulness." *Peterson*, 1998-NMCA-049, ¶ 10.

**{10}**     The first exception occurs when "the instruction contains language that is obviously synonymous with the element of unlawfulness . . . ." *Id.* (internal quotation marks and citation omitted). The second exception occurs "when there is no evidence of lawful behavior, and hence the element omitted from the instructions was not factually in issue." *Id.* (internal quotation marks and citation omitted). If neither of the two exceptions apply, "the court is under a duty to instruct on the state's burden to prove unlawfulness beyond a reasonable doubt." *State v. Johnson*, 1996-NMSC-075, ¶ 19, 122 N.M. 696, 930 P.2d 1148. Throughout the trial and the appeals to the district court and then the Court of Appeals, the State argued——under the second exception only——that no evidence supported a theory of lawful behavior, and so our analysis

addresses only that exception. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (stating that this Court does not generally review undeveloped arguments); *State v. Arrendondo*, 2012-NMSC-013, ¶ 20, 278 P.3d 517 (stating that "as a general rule[,] propositions of law not raised in the trial court should not be raised sua sponte by the appellate court").

## A.      Standard of Review

**{11}**    Defendant requested, and the trial court refused to give, an unlawfulness instruction at trial. We agree with the Court of Appeals that Defendant thus preserved the issue for review. *See Smith*, A-1-CA34765, mem. op. ¶¶ 3-5; Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."). Since the error was preserved, "we review the instructions for reversible error." *State v. Benally*, 2001-NMSC-033, ¶¶ 12-13, 131 N.M. 258, 34 P.3d 1134.

**{12}**    "The propriety of denying a jury instruction is a mixed question of law and fact that we review de novo." *State v. Gaines*, 2001-NMSC-036, ¶ 4, 131 N.M. 347, 36 P.3d 438. "We do not weigh the evidence but rather determine whether there is sufficient evidence to raise a reasonable doubt about [the unlawfulness of Defendant's conduct]." *Id.* An instruction on the essential element of unlawfulness "is warranted if there is any evidence, even slight evidence, supporting [a defendant's corresponding theory of the case]." *Id.* ¶ 5 (internal quotation marks and citation omitted). A trial court's failure to instruct on an essential element may only be justified if that element is not contested or there is no evidence supporting a defendant's theory of the case. *Id.* This Court reviews "the evidence presented in the light most favorable to the giving of the requested instruction." *Henley*, 2010-NMSC-039, ¶ 25 (internal quotation marks and citation omitted).

## B.      The Metropolitan Court Had a Duty to Provide an Unlawfulness Instruction

**{13}**    "Battery against a household member consists of the *unlawful*, intentional touching or application of force to the person of a household member, when done in a rude, insolent or angry manner." NMSA 1978, § 30-3-15(A) (2008) (emphasis added). By using the word unlawful in the statute, the Legislature chose to require a determination that the touch or application of force was not justified or excused under certain circumstances; simply put, whether a defendant's touch or application of force was unlawful is an essential element of the crime. *See Territory of New Mexico v. Miera*, 1866-NMSC-004, ¶¶ 4-5, 1 N.M. 387 ("There are many strikings which are not unlawful, and so are not offenses which the laws punish . . . . [T]he legislature intended to discriminate between acts of violence which may be lawful and those which are not."). So if there was some evidence that excused or justified Defendant's conduct, which is to say if "the essential element of unlawfulness" was contested, the magistrate court had "a duty to instruct [the jury] on the state's burden to prove unlawfulness beyond a reasonable doubt." *Johnson*, 1996-NMSC-075, ¶ 19.

**{14}** Defendant only contested one element of the crime of battery against a household member—whether the evidence established that his conduct was unlawful beyond a reasonable doubt. He argued that his conduct was justified or excused because he used reasonable force in response to Sandoval's use of force to try to keep him from entering their apartment and leaving in his car.

**{15}** The evidence presented at trial established that Defendant had a possessory interest in the apartment. It also established that Sandoval initiated the altercation outside the apartment because she wanted to continue an argument from earlier in the evening. Sandoval admitted that she did not want Defendant to go into their apartment so she blocked the doorway and pushed Defendant away from the door before he touched her. Defendant responded by taking his keys out of her hand and pushing Sandoval out of the doorway and to the ground. When Defendant tried to leave, Sandoval stepped behind his car and did not move until the car touched her as Defendant reversed out of the parking space. Thus, there was some evidence presented at trial that called into question whether Defendant's behavior was unlawful.

**{16}** The metropolitan court understood that Defendant was contesting the unlawfulness element of the crime. This is evidenced by the court's question—"Are we gonna have an unlawfulness jury instruction?"—and its subsequent permission to defense counsel to argue this point to the jury. Despite this, the court refused to instruct the jury that it was required to find that the State must prove beyond a reasonable doubt that Defendant's conduct was unlawful.

**{17}** Because a trial court must instruct the jury concerning a contested, essential element of the crime, the metropolitan court erred by failing to give an unlawfulness instruction in this case. Contrary to the State's argument, a defendant is not required to establish all elements of a recognized defense before a trial court is required to instruct a jury that the state has the burden to prove the unlawfulness of the defendant's conduct beyond a reasonable doubt. *See Jackson v. State*, 1983-NMSC-098, ¶ 6, 100 N.M. 487, 672 P.2d 660 ("The trial court has a duty to instruct the jury on all questions of law essential for a conviction of the crime with which the defendant is charged."). When, as here, there is some evidence to support a defendant's theory that the conduct is justifiable or excusable, a trial court has a duty to instruct the jury that the state must prove a defendant's conduct was *unlawful* beyond a reasonable doubt. *Osborne*, 1991-NMSC-032, ¶¶ 16, 27-30 (concluding that by requiring the state to prove "the impermissible nature of [a] defendant's conduct," we do "not require the state to prove the absence of justification or excuse"); *Gaines*, 2001-NMSC-036, ¶ 5 (observing that an instruction is warranted if there is "'slight evidence'" supporting the theory that the alleged conduct was not unlawful (citation omitted)). Defendant advanced multiple arguments to justify his use of force, including property-based arguments.

**{18}** One of Defendant's arguments was that his use of force was a reasonable response to Sandoval's initial use of force. In this case, the evidence sufficiently called into question who was the initial aggressor because Sandoval testified that she blocked the doorway to the apartment and pushed Defendant away *before* he touched her. *Cf., e.g., State v. Lucero*, 1998-NMSC-044, ¶ 7, 126 N.M. 552, 972 P.2d 1143 (affirming the

general rule that the first aggressor is held to be primarily culpable for an altercation). Defendant was not required to prove all the elements of a recognized defense, such as self-defense, before he was entitled to an instruction that the prosecution has the burden of proving the unlawfulness of his conduct. *See Osborne*, 1991-NMSC-032, ¶¶ 24, 28, 29 (observing that unlawfulness is a "statutory element" of battery and a defendant is not required to establish a recognized defense "until the state has established that conduct has occurred which, under common standards of law and morality, may be presumed criminal"). Thus, there was at least slight evidence to support Defendant's theory that his use of force was justified as a reasonable response to Sandoval's first use of force upon him.

**{19}** Defendant's multiple property-based arguments are essentially the same: Defendant alleges his conduct was justified or excused because Sandoval committed the crime of deprivation of property of a household member. *See* NMSA 1978, § 30-3-18(C) (2009) ("Deprivation of the property of a household member consists of intentionally depriving a household member of the use of separate, community or jointly owned personal property of the household member with the intent to intimidate or threaten that household member."). We recognize this statute to acknowledge that there was at least some evidence to support Defendant's theory that his conduct was justified by Sandoval's attempt to prevent him from accessing his keys or entering the apartment. *See State v. Trammel*, 1983-NMSC-095, ¶ 5, 100 N.M. 479, 672 P.2d 652 (recognizing the general principle that an individual "may use force to defend . . . real or personal property in [the individual's] actual possession against one who endeavors to [take the property] *without right*") (internal quotation marks and citation omitted). This observation does not impose a requirement that Defendant must *prove* Sandoval violated Section 30-3-18(C) in order to be entitled to an unlawfulness instruction. Such a requirement would impermissibly shift the burden to the Defendant to prove the lawfulness of his conduct, which would disturb a fundamental principle of criminal law—a defendant is innocent until the prosecution proves every disputed element of the alleged crime beyond a reasonable doubt.

**{20}** Viewing the evidence in the light most favorable to giving the requested instruction, we conclude that Defendant elicited sufficient evidence to call into question whether he used unlawful force. Although we conclude that the metropolitan court was required to provide an unlawfulness instruction, we do not opine on the ultimate question: whether Defendant's conduct was lawful or unlawful.

**{21}** Finally, Defendant has argued, as the Court of Appeals noted, that his conduct was not unlawful because his constitutional right to possess property was violated. *See Smith*, A-1-CA-34765, mem. op. ¶ 7. The Court of Appeals did not engage in an analysis of Defendant's constitutional argument, nor do we suggest that Defendant is entitled to an unlawfulness instruction based on any asserted constitutional claim. Our reasoning does not require us to address a constitutional issue, and we decline to do so. *Allen v. LeMaster*, 2012-NMSC-001, ¶ 28, 267 P.3d 809 ("It is an enduring principle of constitutional jurisprudence that courts will avoid deciding constitutional questions . . . unless necessary to the disposition of the case.").

**{22}** As in this case, when the evidence may support a defendant's theory that the alleged conduct served a lawful purpose, the trial court must instruct the jury on the essential element of unlawfulness. Under the unlawfulness instruction, UJI 14-132 NMRA, the jury must make two determinations: (1) whether the defendant's conduct was *unlawful* and (2) whether the defendant's conduct nonetheless served a *lawful* purpose. As Use Note 1 of UJI 14-132 explains, "[a]ppropriate language should be tailored in specific cases." This means that the trial court must craft the instruction to identify both the alleged unlawful conduct and the defendant's argued-for specific lawful purpose for that conduct. We caution against giving a generalized, broad instruction on unlawfulness, which may result in juror confusion and inadvertently shield a defendant from justified criminal liability. "This of course does not preclude a defendant from [affirmatively] establishing . . . an excuse or justification for his actions under any of the traditional affirmative defenses which may apply, such as [self-defense]." *Osborne*, 1991-NMSC-032, ¶ 30.

## III.     CONCLUSION

**{23}** Based on the foregoing analysis, we affirm the Court of Appeals and remand this case to the metropolitan court for a new trial.

**{24}    IT IS SO ORDERED.**

**DAVID K. THOMSON, Justice**

**WE CONCUR:**

**MICHAEL E. VIGIL, Chief Justice**

**BARBARA J. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**GEORGE P. EICHWALD, Judge,
Sitting by designation**