This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40821**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

**DAKOTA SMALLCANYON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}**    Defendant Dakota Smallcanyon appeals his conviction for one count of criminal sexual contact of a minor (CSCM) under thirteen, contrary to NMSA 1978, Section 30-9-13(B)(1) (2003). Defendant asserts that (1) the district court erred by failing to grant a mistrial; (2) the prosecution committed prosecutorial misconduct; (3) "[t]he evidence was not sufficient to sustain [Defendant's] conviction"; and (4) the district court committed fundamental error by failing to provide an instruction on an essential element of the

crime. Because we hold that under the facts of this case the district court committed fundamental error by failing to instruct the jury on unlawfulness, an essential element of CSCM, we reverse Defendant's conviction.

**DISCUSSION**

**I.      Jury Instruction**

**{2}**      Defendant argues that the district court should have instructed the jury as to the element and definition of unlawfulness, and this instructional failure amounted to fundamental error because unlawfulness was at issue and was an essential element of the crime.[1] Defendant concedes that this issue was not preserved at trial and "[w]e review unpreserved assertions of error in a jury instruction for fundamental error." *State v. Grubb*, 2020-NMCA-003, ¶ 7, 455 P.3d 877. "Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to [their] defense." *State v. Cunningham*, 2000-NMSC-009, ¶ 13, 128 N.M. 711, 998 P.2d 176 (internal quotation marks and citation omitted).

**{3}**      We begin our analysis by a review of the jury instructions. UJI 14-925 NMRA is the applicable uniform jury instruction for CSCM of a child under thirteen. UJI 14-925 includes the element of unlawfulness in brackets and use note 4 states: "Use the bracketed element if the evidence raises a genuine issue of the unlawfulness of the defendant's actions. If this element is given, UJI 14-132 NMRA, 'unlawful defined,' must be given after this instruction." UJI 14-925 use note 4.

**{4}**      In this case, the district court instructed the jury that to find Defendant guilty of CSCM, the State had to prove the following relevant elements: "[D]efendant touched or applied force to the unclothed mons pubis and or vulva of [P.B.] and [P.B.] was a child under the age of [thirteen]." The district court did not instruct the jury on the element of unlawfulness.

---

[1] Additionally, Defendant argues that, because the State intentionally elicited improper testimony, and the district court's curative instruction exacerbated the harm, the district court's failure to grant a mistrial was reversible error. Further, Defendant argues that the State committed prosecutorial misconduct during the trial and in closing. Because we reverse on other grounds, we will not review these issues in depth. However, we remind the district court and the State that intentionally eliciting improper testimony may be reversible error if "there is a reasonable probability that the improperly admitted evidence could have induced the jury's verdict." *State v. Ruiz*, 2003-NMCA-069, ¶ 6, 133 N.M. 717, 68 P.3d 957. Further, a curative instruction that "attempt[s] to address a critical and prejudicial error," but that fails to do so or that emphasizes the improper evidence, does not remove the need for a mistrial. *State v. Hernandez*, 2017-NMCA-020, ¶ 25, 388 P.3d 1016; *see also State v. Garcia*, 1994-NMCA-147, ¶¶ 17-18, 118 N.M. 773, 887 P.2d 767 (concluding that both a vague curative instruction and a "direct comment" would have failed to cure the prejudice). Lastly, we remind the State "that credibility of witnesses is to be determined by the jury, not by the witnesses," *State v. Duran*, 2006-NMSC-035, ¶ 21, 140 N.M. 94, 140 P.3d 515, and that "[p]rosecutorial commentary that urges a jury to convict for reasons other than the evidence defies the law and undermines the integrity of a verdict," *State v. Cooper*, 2000-NMCA-041, ¶ 15, 129 N.M. 172, 3 P.3d 149.

**{5}** Our Supreme Court has held that by specifically including "unlawfully" in the definition of CSCM, the Legislature intended it to be a distinct and essential element of the crime. *State v. Osborne*, 1991-NMSC-032, ¶ 33, 111 N.M. 654, 808 P.2d 624. "The failure of the court to instruct the jury on the essential elements of a crime constitutes fundamental . . . error." *Id.* ¶ 10. "A trial court's failure to instruct on an essential element may only be justified if that element is not contested or there is no evidence supporting a defendant's theory of the case." *State v. Smith*, 2021-NMSC-025, ¶ 12, 491 P.3d 748. Therefore, to determine if fundamental error occurred, we must first determine whether or not the essential element of unlawfulness was at issue in this case, and if there was evidence to support a theory that the touching was lawful.

**{6}** Defendant argues that his testimony put the element of unlawfulness directly in issue. The State argues that because Defendant denied touching "in any manner on or even near" P.B.'s vagina, "the 'unlawfulness' of any touching was not at issue." We agree with Defendant that the essential element of unlawfulness was at issue and we explain further.

**{7}** When determining whether unlawfulness is at issue, "[t]he question is whether there was any evidence or suggestion in the facts, however slight, [which] could have put the element of unlawfulness in issue." *State v. Orosco*, 1992-NMSC-006, ¶ 10, 113 N.M. 780, 833 P.2d 1146. Moreover, because a defendant may deny that an incident occurred in its entirety as a matter of trial strategy, "[w]e do not look to the defendants' assertions alone" to determine if the element of unlawfulness is at issue. *Id.* Because "every touching of the intimate parts of a minor [cannot] be presumed to be unlawful," touching for reasonable medical care, non-abusive parental care and custodial care are excluded from the definition of unlawful. *Osborne*, 1991-NMSC-032, ¶ 29; *see* UJI 14-132 (excluding medical treatment, non-abusive parental, and custodial care from the definition of unlawful). Therefore, evidence that suggests that a touching was for medical treatment, non-abusive parental care or custodial care would put the element of unlawfulness at issue. *See Orosco,* 1992-NMSC-006, ¶¶ 10-11 (holding that unlawfulness was not at issue in two cases for CSCM, in which the defendants denied that touching occurred at all, not because the defendants denied the touching, but rather because "[i]n neither case was there anything in the facts to suggest that the touchings, if they occurred, might have involved the provision of medical care, custodial care or affection, or any other lawful purpose").

**{8}** Here, the victim, P.B., was age eleven at the time of the incident and along with her mother and siblings, lived with Defendant, P.B.'s uncle. At Defendant's trial for one count of CSCM, P.B.'s mother testified that she and her kids had moved in with her sister and her sister's husband, Defendant. P.B.'s mother also testified that although she and her kids were sleeping in a converted garage, P.B. and the other kids would sometimes fall asleep in the living room. P.B. testified that "she was sleeping on the couch late one night and woke up to the smell of alcohol and the feel of cold hands touching her." She testified that the hands were "on my breast and my vagina." She further testified that when Defendant touched her vagina, Defendant touched her skin, his hands went into her pants and was "under, but like it wasn't all the way."

**{9}** In his testimony, Defendant denied touching P.B.'s breast or vagina and instead claimed that he and his wife placed their cold hands on P.B.'s bare skin in an attempt to wake her so that she could go to her bedroom; specifically that he placed his cold hands on P.B.s belly and lower back. Defendant stated that he touched her "because you feel something cold, you would jump up and wake up, but that did not happen." Defendant reiterated that he was trying to wake her up "to have her go back to her bedroom." Therefore, Defendant's testimony asserts that his purpose in touching P.B. was to provide non-abusive, parental or custodial care, which would be lawful. Defendant's testimony asserting a lawful purpose for the touching, even though slight, is sufficient evidence to put the unlawfulness of the touching in issue. *See Osborne*, 1991-NMSC-032, ¶ 7 (holding that in a CSCM case, unlawfulness of touching was sufficiently in issue when "[d]efendant did not recall ever touching [the victim's] bottom and said that while it was possible he might have touched her bottom at some point, it would not have been in an inappropriate manner or with an inappropriate intent"). Thus, the essential element of unlawfulness was in issue in this case, and the district court's failure to provide the jury an instruction on the essential element of unlawfulness constituted error.

**{10}** Moreover, the district court's failure to instruct on the essential element of unlawfulness constituted fundamental error. Generally, "fundamental error occurs when jury instructions fail to inform the jurors that the [s]tate has the burden of proving an essential element of a crime and we are left with no way of knowing whether the jury found that element beyond a reasonable doubt." *State v. Sena*, 2020-NMSC-011, ¶ 34, 470 P.3d 227 (alteration, internal quotation marks, and citation omitted). However, "[t]he rule of fundamental error applies only if there has been a miscarriage of justice, if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice has not been done." *Orosco*, 1992-NMSC-006, ¶ 12.

**{11}** Here, because the jury was not instructed on the element of unlawfulness, it did not make a finding as to whether Defendant touched P.B. "with the intent to arouse or gratify sexual desire or to intrude upon the bodily integrity or personal safety of" her, or if he did so to provide non-abusive custodial care. *See* UJI 14-132. The jury's inability to make a finding on the essential element of unlawfulness due to the court's failure to instruct is a "mistake in the process [that] makes [Defendant's] conviction fundamentally unfair" and "would shock the court's conscious to allow the conviction to stand." *State v. Ocon*, 2021-NMCA-032, ¶ 8, 493 P.3d 448 (alteration, internal quotation marks, and citations omitted). Thus, we hold that the district court's failure to instruct the jury on the elements of unlawfulness amounted to fundamental error, and therefore we reverse Defendant's CSCM conviction.

## II.      Sufficiency of the Evidence

**{12}** Although we reverse Defendant's conviction because the jury was not instructed on the essential element of "unlawfulness," we review the sufficiency of the evidence in light of the erroneous jury instruction. *See State v. Samora*, 2016-NMSC-031, ¶ 34, 387

P.3d 230 ("Because we have determined that we must reverse [the d]efendant's convictions . . . , we are required to determine whether sufficient evidence was presented to support these convictions to avoid double jeopardy concerns should the [s]tate seek to retry [the d]efendant."). "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *Id.* (internal quotation marks and citation omitted). "In doing so, we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *Id.* (internal quotation marks and citation omitted). Moreover, we "review[] the evidence in light of the defective jury instruction given below." *State v. Rosaire*, 1996-NMCA-115, ¶ 20, 123 N.M. 250, 939 P.2d 597.

{13} In this case, it is uncontested that P.B. was under the age of thirteen at the time of the incident. Additionally, P.B. testified that Defendant touched her vagina. Given that the jury may convict based on the testimony of a single witness, *see State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333, the jury had sufficient evidence to reasonably conclude that Defendant touched the vagina of a child under the age of thirteen. Because there was sufficient evidence to convict Defendant under the erroneous instruction submitted to the jury, we conclude that retrial is permissible.

## CONCLUSION

{14} For the reasons discussed above, we reverse and remand for a new trial.

{15} **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**